FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHEILA H., | NO: 2:21-CV-218-RMP |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Sheila H.[1], ECF No. 14, and Defendant the Commissioner of Social Security ("Commissioner"), ECF No. 15. Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), of the Commissioner's denial of her claim for Social Security Income ("SSI") under Title

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

XVI of the Social Security Act (the "Act"). *See* ECF No. 14 at 1. Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed. For the reasons set forth below, the Court grants summary judgment in favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff applied for SSI on approximately January 22, 2019, alleging disability beginning on the same date, when Plaintiff was 43 years old. Administrative Record ("AR") 152–53.[2] Plaintiff maintained that she was unable to function and/or work due to cirrhosis of the liver, Hepatitis C, liver nodules, bladder issues, cysts on kidneys, post-traumatic stress disorder ("PTSD"), anxiety, and attention deficit disorder ("ADD"). AR 153. The application was denied initially and upon reconsideration, and Plaintiff requested a hearing. *See* AR 202.

On November 18, 2020, Plaintiff appeared at a hearing, represented by attorney Cory Brandt, before Administrative Law Judge ("ALJ") Lori Freund in Spokane, Washington. AR 85–121. Due to the exigencies of the COVID-19 pandemic, Plaintiff and her counsel appeared telephonically. AR 87. The ALJ also heard telephonically from vocational expert ("VE") Harry Whiting and medical

---

[2] The AR is filed at ECF No. 10.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

expert Ann Monis.  AR  94–120.  Plaintiff, Mr. Whiting, and Ms. Monis responded

to questions from ALJ Freund and counsel.  AR 85–120.

### ALJ's Decision

On December 23, 2020, ALJ Freund issued an unfavorable decision.  AR 15–

28.  Applying the five-step evaluation process, ALJ Freund found:

**Step one:** Plaintiff meets the insured status requirements of the Social

Security Act since January 22, 2019, the application date.  AR 18.

**Step two:** Plaintiff has the following severe impairments that are medically

determinable and significantly limit her ability to perform basic work activities:

Hepatitis C infection/liver cirrhosis; obesity; persistent depressive disorder;

borderline personality disorder; PTSD; alcohol use disorder, in reported remission;

methamphetamine use disorder, in reported remission.  AR 18.  The ALJ further

found that urinary incontinence, kidney cyst, and gastroenteritis were non-severe

impairments that have not had, or not expected to have, more than a minimal effect

on Plaintiff's ability to perform basic work activities for a period of twelve months.

AR 19.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.

404.920(d), 416.925, and 416.926).  AR 19.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff had

the RFC to: perform light work as defined in 20 CFR 416.967(b), with several

limitations.  Specifically, Plaintiff can only occasionally climb

ladders/ropes/scaffolds. She should avoid unprotected heights.  Plaintiff is limited to

simple and repetitive tasks. She should avoid interaction with the general public and

is limited to superficial interaction with coworkers and supervisors.  Plaintiff should

avoid tandem tasks with coworkers and avoid fast-paced or timed production work.

She is limited to only occasional changes in the work setting.  AR 22.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements

concerning the intensity, persistence, and limiting effects of her alleged symptoms

"are not entirely consistent with the medical evidence and other evidence in the

record" for several reasons that the ALJ discussed.  AR 23.

**Step four:** The ALJ found that Plaintiff has past relevant work as a Filing

Clerk II (light exertion, semi-skilled, special vocational preparation ("SVP") 3) and

Waitress (light exertion, semi-skilled, SVP 3).  AR 29.  The ALJ relied on the VE's

testimony to find that Plaintiff is unable to perform her past relevant work as

actually or generally performed.  AR 29.

**Step five:** The ALJ found that Plaintiff has a limited education; was 43 years

old on her alleged disability onset date, which is defined as a younger individual

(age 18-49); and that transferability of job skills is not material to the determination

of disability because the application of the Medical-Vocational Guidelines to Plaintiff's case supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills.  AR 29–30.  The ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform considering her age, education, work experience, and RFC.  AR 30.  Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff would be able perform with the RFC: Agricultural Produce Sorter (light, unskilled work, SVP 2); Marker (light, unskilled work, SVP 2); and Touchup Screener (sedentary, unskilled work, SVP 2).  AR 30.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act since January 22, 2019, the date that the application was filed.  AR 31.

The Appeals Council denied review.  AR 1–6.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

1   ***Definition of Disability***

2       The Social Security Act defines "disability" as the "inability to engage in any

3   substantial gainful activity by reason of any medically determinable physical or

4   mental impairment which can be expected to result in death or which has lasted or

5   can be expected to last for a continuous period of not less than 12 months."  42

6   U.S.C. §§ 423(d)(1)(A).  The Act also provides that a claimant shall be determined

7   to be under a disability only if her impairments are of such severity that the claimant

8   is not only unable to do her previous work, but cannot, considering the claimant's

9   age, education, and work experiences, engage in any other substantial gainful work

10  which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A). Thus, the

11  definition of disability consists of both medical and vocational components. *Edlund*

12  *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

13      ***Sequential Evaluation Process***

14      The Commissioner has established a five-step sequential evaluation process

15  for determining whether a claimant is disabled.  20 C.F.R. § 416.920.  Step one

16  determines if he is engaged in substantial gainful activities.  If the claimant is

17  engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §

18  416.920(a)(4)(i).

19      If the claimant is not engaged in substantial gainful activities, the decision

20  maker proceeds to step two and determines whether the claimant has a medically

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. § 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past. If the claimant can perform her previous work, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering her residual functional capacity and age, education, and past work experience. 20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.  Did the ALJ erroneously assess Plaintiff's subjective symptom complaints?

2.  Did the ALJ erroneously assess five of the competing medical opinions?

3.  Did the ALJ err in formulating the RFC and making vocational findings at Step Five?

### Plaintiff's Subjective Symptom Testimony

Plaintiff argues that the ALJ did not provide the requisite clear and convincing reasons for making a negative credibility finding. ECF No. 16 at 8. Plaintiff maintains that the ALJ erroneously "relied on the presence of minimally relevant normal findings instead of the findings that most directly pertained to [Plaintiff's]

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

allegations." *Id.*  Plaintiff also argues that the medical expert's testimony could not have been a reasonable basis for discounting Plaintiff's subjective symptom testimony because the medical expert's testimony that Plaintiff's diagnoses are "'simply not that severe'" are not supported by the evidence.  *Id.* at 9 (citing AR 95–97).

The Commissioner responds that the medical evidence supports the ALJ's treatment of Plaintiff's subjective symptom statements because Plaintiff presented within normal limits at many of her psychological screenings.  ECF No. 15 at 3 (citing AR 364, 370, 373, 376, 402, 411, 417–18, 428, 475, 503, 510, 513, and 515).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (internal citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*.  Subjective symptom evaluation is "not an examination of an individual's character," and an ALJ must consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms.  *See* SSR 16-3p, 2016 SSR LEXIS 4 (2016).

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

reasonably be expected to produce the pain or other symptoms alleged.'"

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."  *Smolen*, 80 F.3d at 1281.

The ALJ recounted that Plaintiff testified that "the main symptoms that keep her from returning to work are anxiety, paranoia, and fear of people, as well as chronic fatigue and panic attacks."  AR 22–23.  The ALJ did not make a finding of malingering.  AR 22–23.  However, the ALJ found that the "medical evidence and record as a whole does not support finding a more restrictive residual functional capacity than the one set forth in this decision."  AR 23.  The ALJ further found that "the objective medical evidence for the adjudicative period reflects only limited, conservative treatment with some pain and psychiatric medication management by primary care, and the claimant's imaging, neuromuscular examinations, mental status screenings and treatment/progress notes do not support the degree of severity alleged."  AR 23. With respect to Plaintiff's mental health symptoms, the ALJ acknowledged that treating and examining mental health practitioners noted "depressive, PTSD/anxiety, and/or personality disorder symptomatology at times, as well as substance use disorders," but the ALJ found that Plaintiff's psychiatric

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

screenings were "otherwise . . . within normal limits." AR 24 (citing AR 364, 370, 373, 376, 390–91, 402, 411, 417–18, 428, 475, and 513). The ALJ also relied on Plaintiff's "largely normal/intact mental status exam findings" by Washington State Department of Social and Health Services ("DSHS") consultative psychological evaluator Tasmyn Bowes, PsyD. AR 25.

The ALJ also found that Plaintiff had "engaged in only minimal treatment aside from medications prescribed by primary care" and that Plaintiff "has not participated in regular, continuing mental health counseling/therapy." AR 25. The ALJ further observed that Plaintiff's reports regarding her recovery from substance abuse had been inconsistent. AR 25 ("While claimant's alcohol use is reportedly in sustained remission, in January 2019, she reported to a primary care provider that her 'last alcoholic drink was last week.'").

This Court's review of the records cited by the ALJ supports the ALJ's finding that while Plaintiff sometimes presented with symptoms of depression, anxiety, PTSD, and/or personality disorder, Plaintiff frequently presented within normal limits during the relevant period. For instance, within days of Plaintiff's alleged onset date, Plaintiff's healthcare provider Brady Moss, ARNP, whose medical source opinion the Court discusses below, recorded that Plaintiff reported feeling depressed and poorly about herself, but no trouble concentrating or fatigue. AR 397–98 (January 8, 2019 office visit record). The healthcare provider noted that

Plaintiff recently had traveled out of state and was oriented to time, place, and situation during the visit.  AR 400, 402.  The same month, Plaintiff presented to another provider as alert, with normal affect, and oriented to time, place, and circumstance.  AR 411 (January 23, 2019 record).  Plaintiff presented similarly in a mental status examination in February 2019, where she reported low self-esteem, apathy, guilt, and difficulty focusing and falling asleep, but normal orientation, thought process, orientation, and memory.  AR 416–22.  If evidence exists to support more than one rational interpretation of symptom testimony, courts must defer to the ALJ's choice among those interpretations.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  In light of Plaintiff's normal psychiatric presentation, or presentation with symptoms of a lesser severity than those she alleged, the Court cannot determine that the ALJ's interpretation of the record was irrational.  Rather, the substantial evidence cited by the ALJ supports the inference that Plaintiff is not as impaired as she reports.  Likewise, the unchallenged evidence that Plaintiff has not engaged in long-term counseling or taken medication as prescribed further supports the ALJ's treatment of Plaintiff's subjective symptom testimony.  *See* AR 387, 440.

The Court finds no error on this ground, and, therefore, denies Plaintiff's Motion for Summary Judgment and grants the Commissioner's Motion on this basis.

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    *Medical Opinion Testimony*

2    Plaintiff argues that the ALJ erred in her evaluation of three medical opinions,

3    from Tasmyn Bowes, PsyD, Janis Lewis, and Brady Moss, ARNP.  ECF No. 14 at

4    11.  The Commissioner contends that the ALJ reasonably found the three medical

5    opinions not persuasive.  ECF No. 15 at 5–6.

6    The regulations that took effect on March 27, 2017, provide a new framework

7    for the ALJ's consideration of medical opinion evidence and require the ALJ to

8    articulate how persuasive he finds all medical opinions in the record, without any

9    hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the

10    Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18,

11    2017).  Instead, for each source of a medical opinion, the ALJ must consider several

12    factors, including supportability, consistency, the source's relationship with the

13    claimant, any specialization of the source, and other factors such as the source's

14    familiarity with other evidence in the claim or an understanding of Social Security's

15    disability program.  20 C.F.R. § 416.920c(c)(1)-(5).

16    Supportability and consistency are the "most important" factors, and the ALJ

17    must articulate how he considered those factors in determining the persuasiveness of

18    each medical opinion or prior administrative medical finding.  20 C.F.R. §

19    416.920c(b)(2).  With respect to these two factors, the regulations provide that an

20    opinion is more persuasive in relation to how "relevant the objective medical

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

evidence and supporting explanations presented" and how "consistent" with evidence from other sources the medical opinion is.  20 C.F.R. § 416.920c(c)(1). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  20 C.F.R. § 416.920c(b)(2), (3).  Courts also must continue to consider whether the ALJ's finding is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Prior to issuance of the new regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  Recently, the Ninth Circuit held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."  *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022).  The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special

weight given to such opinions, is likewise incompatible with the revised

regulations." *Id*. at *15 (internal citation omitted).

Accordingly, as Plaintiff's claim was filed after the new regulations took

effect, the Court refers to the standard and considerations set forth by the revised

rules for evaluating medical evidence. *See* AR 15.

<u>Tasmyn Bowes, PsyD</u>

Plaintiff contends that the reasons that the ALJ gave for discounting Dr.

Bowes's disabling opinion were not valid. ECF No. 14 at 12−13. Plaintiff argues

that the assessment of limitations in checkbox form did not comprise the entire

report, and the "notes written out by Dr. Bowes in these sections establish an

adequate explanation for the limitations [s]he assessed." *Id.* at 13. Plaintiff also

argues that the ALJ erred by assuming that the medical opinion was based solely or

primarily on Plaintiff's self-report. *Id.* Plaintiff asserts that a patient's history

normally is collected through self-report, so the ALJ's reasoning is flawed. *Id.* at 14.

Plaintiff also contends that Dr. Bowes based her opinion on objective testing. *Id.*

Plaintiff continues that the normal findings in Dr. Bowes's mental status

examination do not negate the symptoms of paranoid and delusional thinking,

dysphoric mood, and blunt affect that Plaintiff exhibited. *Id.* at 15.

The Commissioner responds that substantial evidence validates the ALJ's

finding that Dr. Bowes's opinion was not well supported. ECF No. 15 at 8. The

Commissioner maintains that Dr. Bowes rendered her opinion "mostly in checkbox form without meaningful explanation for the degree of limitation assessed" and where Dr. Bowes wrote her opinion in narrative form, her opinion "mostly repeated [Plaintiff's] subjective complaints rather than objective medical findings." *Id.* at 8–9. The Commissioner specifies Dr. Bowes's "must have" relied on Plaintiff's self-report, rather than on Dr. Bowes's one-time examination, in making clinical findings that Plaintiff had depressive episodes for the prior two years, anxiety beginning in Plaintiff's teens, lifelong difficulties with concentration, and a pervasive history of unstable moods and relationships. *Id.* at 9. The Commissioner adds that although Harris reported some paranoia and mildly delusional thoughts to Dr. Bowes, Dr. Bowes assessed Plaintiff's thought process as logical, rational, and goal directed. *Id.* at 3 (citing AR 390). The Commissioner contends that Dr. Bowes "did not explain how these mixed results caused such significant limitations in so many areas of mental functioning." *Id.* at 9 (citing AR 389).

Dr. Bowes completed a psychiatric evaluation of Plaintiff on December 14, 2018, for the DSHS. AR 386–95. Dr. Bowes found Plaintiff to have a mild to moderate limitation in seven basic work activities, a marked limitation in five basic work activities, and a severe limitation in one activity. AR 389. Dr. Bowes opined that the duration of Plaintiff's impairment with available treatment would be "13u" months. AR 390.

The ALJ summarized Dr. Bowes's evaluation as follows:

> Additionally, the claimant's presentation/performance on consultative psychological evaluation also reflects largely normal/intact mental status exam findings. During a December 2018 consultative psychological evaluation for DSHS (state Department of Social & Health Services) (T. Bowes, Psy.D.), the claimant reported various depressive and anxiety symptoms including ongoing depressive mood, anhedonia, lack of energy/motivation, social isolation, sleep disturbance, suicidal ideation, self-harm gestures, panic attacks, nightmares, intrusive memories, difficulty concentrating, paranoia and delusional thinking. She further admitted to history of substance use but reported she had been clean and sober for two years. On mental status exam, Dr. Bowes observed that claimant's mood was "dysphoric" and her affect blunted, while her basic grooming "seemed marginal – no effort." In addition, the examiner noted claimant's perception was not normal including "some paranoia, mildly delusional thoughts." Nevertheless, Dr. Bowes indicated that claimant was otherwise within normal limits on all other mental status categories including speech (normal for tone, rate and fluency), attitude and behavior ("cooperative and seemed open and honest"), thought process (logical, rational and goal directed), memory, fund of knowledge, concentration (Trails test), abstract reasoning and insight/judgment.

AR 25 (internal citations omitted).

The ALJ then found Dr. Bowes's opinion "not persuasive" with the following assessment:

> Based on evaluation of claimant in December 2018, DSHS consultative psychological examiner T. Bowes, Psy.D., assessed claimant as having marked to severe functional limitations (defined as very significant limitation or inability to perform) in several areas of basic mental work abilities. Notably, the examiner opined that claimant has severe limitations in the ability to perform activities within a schedule and maintain regular attendance, as well as marked limitations in the abilities to adapt to changes in a routine work setting, communicate and perform effectively in a work setting, and complete a normal workday/week without interruptions from mental symptoms. This

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

opinion is not persuasive. While the psychologist had the opportunity to interview and evaluate the claimant during the adjudicative period, the opinion is rendered mostly in checkbox form with no meaningful explanation for the ratings. The claimant's subjective complaints of more extreme symptoms (e.g., suicidal ideation/gestures, paranoia, delusions, panic attacks) appear to be the primary basis for the examiner's checked box responses, as the report indicates the evaluation consisted almost entirely of claimant's self-reported history with no meaningful objective testing or review of claimant's medical records/history (e.g., records reviewed: "none"). Significantly, what little objective testing was done, the claimant's mental status exam was largely within normal limits. The examiner's findings of marked and severe limitations are essentially internally inconsistent with the lack of significant findings on examination. Dr. Bowes noted claimant had "dysphoric" mood with blunted affect as well as expressing "some paranoia, mildly delusional thoughts." However, the examiner indicated claimant was within normal limits on all other mental status categories evaluated including speech (normal for tone, rate and fluency), attitude and behavior ("cooperative and seemed open and honest"), thought process (logical, rational and goal directed), memory, fund of knowledge, concentration (Trails test), abstract reasoning and insight/judgment. Hence, the lack of significant findings on examination is essentially internally inconsistent with the marked and severe functional limitations opined by the examiner.

AR 27 (internal citations omitted).

"If a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).  However, psychiatric evaluations "will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient," because "'[u]nlike a broken arm, a mind cannot be x-rayed.'" *Buck v.*

*Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987)). "Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck*, 869 F.3d at 1049.

Indeed, Dr. Bowes's report reflects that she based her opinion of Plaintiff's limitations more heavily on Plaintiff's self-reports than on clinical findings and treatment history with Plaintiff. *See* AR 386 (indicating that Dr. Bowes reviewed "none" of Plaintiff's records). Above, the Court found no error in the ALJ's finding that Plaintiff's self-reports should not be fully credited. In addition to noting that Dr. Bowes based her assessment primarily on Plaintiff's self-report, the ALJ also based her opinion on its inconsistency with Dr. Bowes's own mental status examination of Plaintiff. *See* AR 27. The Ninth Circuit recently upheld this reason for rejecting a medical source opinion regarding a claimant's mental illness. *See Clark v. Kijakazi*, No. 20-35749, 2021 U.S. App. LEXIS 33784, at *3 (9th Cir. Nov. 15, 2021).

As the ALJ relied on substantial evidence in assessing the consistency and supportability of Dr. Bowes's opinion, the Court finds no basis to disturb the ALJ's assessment.

### Janis Lewis, PhD

Plaintiff argues that the ALJ erroneously rejected Dr. Lewis's opinion, concurring with Dr. Bowes's assessment of Plaintiff's limitations. ECF No. 16 at 7.

Plaintiff maintains that Dr. Lewis's independent opinion has value that "primarily

stems from its consistency with Dr. Bowes' assessment." *Id.*

The Commissioner responds that the ALJ reasonably discounted Dr. Lewis's

opinion for the same reasons that she discounted Dr. Bowes's opinion.  ECF No. 15

at 8.

Dr. Lewis completed a Review of Medical Evidence form for DSHS on

December 20, 2018, indicating that she reviewed the December 14, 2018 report from

Dr. Bowes as well as a 2013 report from another psychologist.  AR 551.  Dr. Lewis

concurred in Dr. Bowes's assessment of the severity of Plaintiff's impairments and

her functional limitations, and also concurred that Plaintiff's onset of impairment

was November 19, 2013, with a duration of thirteen months.  AR 551.

The ALJ found Dr. Lewis's opinion unpersuasive, noting that it was

"essentially just summarizing the report of DSHS consultative examiner Dr. Bowes,

providing little in the way of any additional evidence or analysis."  AR 28.

The Court already found that the ALJ's discussion of Dr. Bowes's opinion

addressed the consistency and supportability factors prioritized by the administrative

rules and was supported by substantial evidence.  Accordingly, as the Court already

found no error in the ALJ's treatment of the medical source opinion upon which Dr.

Lewis's opinion is based, there is no other basis to find that the ALJ erred with

respect to Dr. Lewis.  Dr. Lewis did not have a distinct opinion of Plaintiff's

limitations to either find persuasive or not. Therefore, the Court finds no error in the ALJ's treatment of Dr. Lewis.

### Brady Moss, ARNP

Plaintiff argues that treating provider Mr. Moss's opinion that Plaintiff is limited to sedentary work is supported by treatment notes in the record. ECF Nos. 14 at 16 (citing an ultrasound and MRI included in Mr. Moss's treatment notes at AR 382, 384); 16 at 7.

The Commissioner responds that the ALJ reasonably discounted Mr. Moss's opinion that Plaintiff could perform light or sedentary work because Mr. Moss did not provide any written explanation for those exertional limitations. ECF No. 15 at 10. The Commissioner further argues that even if the ALJ erred in considering Mr. Moss's opinion, Plaintiff does not show that any harm resulted, since the ALJ ultimately found that Plaintiff could perform light work. *Id.* at 10–11.

Nurse practitioner Mr. Moss completed a Physical Functional Evaluation form for Plaintiff on January 8, 2019. AR 405–07. Mr. Moss noted Plaintiff's diagnoses of PTSD/Anxiety, urinary incontinence, and Hepatitis C, but wrote that he deferred to the relevant specialists for each diagnosis regarding what work activities were affected by the ailments. AR 406. With respect to the work level that Plaintiff is capable of performing, Mr. Moss checked the boxes for both "light work" and "sedentary work" and drew a line connecting the two selections. AR 407. Mr. Moss

opined that Plaintiff's limitation on work activities would persist for six to twelve months.  AR 407.

The ALJ found Mr. Moss's opinion "partially persuasive."  AR 29.  ALJ Freund reasoned that Mr. Moss had examined and treated Plaintiff during the adjudicative period and found that "the assessment supports that claimant is capable of some work activity, and thus, not entirely disabled."  AR 29.  However, the ALJ further found that Mr. Moss "did not provide evidence of objective clinical findings or any substantial explanation to support the degree of severity opined, merely listing diagnoses, including both physical and mental, the claimant's treatment, and essentially deferring to the psychology, urology, and gastrointestinal specialists."  AR 29 (internal citation omitted).  ALJ Freund concluded, "This checkbox form opinion, without additional evidence of objective findings or explanation, does not support the assessed level of limitations."  AR 29.

While Plaintiff takes the position that the ALJ harmfully erred in failing to include "Mr. Moss' [sic] sedentary work limitation," ECF No. 16 at 8, the Physical Functional Evaluation form that Mr. Moss completed does not indicate that Plaintiff was limited to only sedentary work, as noted above.  *See* AR 407.  In addition, the ALJ reasoned that Mr. Moss did not refer to any objective clinical findings or offer any substantial explanation for his findings.  AR 29.  The abdominal ultrasound and MRI reports to which Plaintiff cites do not provide any explanation for Mr. Moss's

assessed functional limitations, and Mr. Moss himself deferred to the relevant

specialists for each diagnosis regarding what work activities were affected by

Plaintiff's health issues.  AR 406.  Therefore, substantial evidence supported the

ALJ's conclusion that Mr. Moss's opinion was partially persuasive.  Moreover, the

ALJ's reasoning indicates that she considered the relevant factors in evaluating Mr.

Moss's opinion, including Mr. Moss's familiarity with Plaintiff and the

supportability of his opinion.  *See* AR 29.

The Court finds no error in the ALJ's treatment of the challenged medical

source opinions.  Therefore, the Court denies Plaintiff's Motion for Summary

Judgment with respect to this issue and grants summary judgment to the

Commissioner regarding the same.

**Step Five**

Plaintiff argues that the ALJ failed to meet her burden at Step Five of the

sequential analysis because the vocational expert's testimony was based on a

hypothetical that lacked the allegedly improperly rejected medical sources.  ECF

Nos. 14 at 20; 16 at 10.

The ALJ's hypothetical must be based on medical assumptions supported by

substantial evidence in the record that reflect all of a claimant's limitations.

*Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ is not bound to

accept as true the restrictions presented in a hypothetical question propounded by a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24

claimant's counsel. *Osenbrook*, 240 F.3d at 1164.  The ALJ may accept or reject these restrictions if they are supported by substantial evidence, even when there is conflicting medical evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Plaintiff's argument assumes that the ALJ erred in evaluating medical source evidence and Plaintiff's subjective symptom testimony.  As discussed above, the ALJ's assessment of the challenged medical source opinions and Plaintiff's testimony was appropriate. Thus, the RFC and hypothetical contained the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical, therefore, was proper.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005).  The Court denies Plaintiff's Motion for Summary Judgment on this final ground.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

3. Judgment shall be entered for Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

1      **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2  Order, enter judgment as directed, provide copies to counsel, and **close this case**.

3      **DATED** July 19, 2022.

4

5                                      _s/ Rosanna Malouf Peterson_
                                       ROSANNA MALOUF PETERSON
                                       Senior United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21